IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50920
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUCIANO DEL VAL PAYAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-01-CR-250-01-FB
--------------------
April 11, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:*

Luciano Del Val Payan appeals the sentence imposed following his guilty plea conviction of attempting to illegally reenter the United States after deportation in violation of 8 U.S.C. § 1326. He contends that the sentence is invalid because it exceeds the two-year maximum term of imprisonment prescribed in 8 U.S.C. § 1326(a). Del Val Payan complains that his sentence was improperly enhanced pursuant to 8 U.S.C. § 1326(b)(2) based on his prior deportation following an aggravated felony conviction. He argues that the sentencing provision violates the Due Process

*  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Clause. Alternatively, Del Val Payan contends that 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b)(2) define separate offenses. He argues that the aggravated felony conviction that resulted in his increased sentence was an element of the offense under 8 U.S.C. § 1326(b)(2) that should have been alleged in his indictment.

With certain exceptions not relevant in this case, Del Val Payan waived the right to appeal his "guilty plea, any sentence imposed within the maximum provided in the statute of conviction, the application of the Guidelines or [his] conviction on any ground[.]" Del Val Payan contends that the waiver-of-appeal provision has no effect on his appeal because his sentence exceeded the statutory maximum term of imprisonment prescribed in 8 U.S.C. § 1326(a). The Government has not filed a brief in this case and has not requested that the waiver-of-appeal provision be enforced. Even if Del Val Payan's arguments are not precluded by his waiver-of-appeal provision, they are foreclosed. Accordingly, we pretermit consideration of the waiver issue.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. Id. at 239-47. Del Val Payan acknowledges that his arguments are foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his arguments for further review.

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001).  This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).  The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief.  In its motion, the Government asks that the judgment of the district court be affirmed and that an appellee's brief not be required.  The motion is GRANTED.

AFFIRMED; MOTION GRANTED.